| | | | |
|---|---|---|---|
| Case No. | CV 17-2132 PA (GJSx) | Date | May 2, 2017 |
| Title | Fire Ins. Exchange v. Watts Regulator Co. | | |

| | | | | | |
|---|---|---|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | | | |
| V.R. Vallery | | Not Reported | | N/A | |
| Deputy Clerk | | Court Reporter | | Tape No. | |
| Attorneys Present for Plaintiffs: | | | Attorneys Present for Defendants: | | |
| None | | | None | | |

**Proceedings:** IN CHAMBERS - COURT ORDER

    In the Rule 26(f) Joint Report filed by the parties, plaintiff Fire Insurance Exchange ("Fire Insurance") stated that it expects to file a Motion to Remand because its citizenship as an unincorporated association is the citizenship of each of its members, and the Court therefore lacks diversity jurisdiction over this matter. Defendant Watts Regulator Co. ("Watts") stated that it is concerned about inconsistent positions taken by Fire Insurance concerning its citizenship.

    Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

    It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). Parties cannot agree to nor can they "waive" a lack of such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2132 PA (GJSx) | Date | May 2, 2017 |
|---|---|---|---|
| Title | Fire Ins. Exchange v. Watts Regulator Co. | | |

jurisdiction. Id. at 966–67. Courts may consider the issue sua sponte. Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has repeatedly emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction sua sponte.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004) (quoting United States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

The majority of courts that have considered the issue have concluded that, as unincorporated associations, insurance exchanges organized as Fire Insurance is are citizens of each state in which its policyholders are citizens. See, e.g. Staggs v. Farmers Ins. Exch., Civ. No. 3:15-cv-01502-MC, 2016 WL 1725302, at *3 (D. Or. April 27, 2016) ("I conclude that Farmers' citizenship must be determined in relation to the citizenship of its member-subscribers."); Nevada Captial Ins. Co. v. Farmers Ins. Exch., No. 2-12-CV-02166-APG-CWH, 2014 WL 6882342, at *2 (D. Nev. Dec. 4, 2014) ("I conclude that under California and Nevada law, a reciprocal insurance exchange's subscribers are its members, not its customers, and an exchange therefore has the citizenships of all of its subscribers."); United Services Auto Ass'n v. Franke Consumer Prods., Inc., No. 11-05430-PSG, 2012 WL 368378, at *2 (N.D. Cal. Feb. 3, 2012) ("Consistent with the Second Circuit and the other appellate and district courts that have followed it, this court must conclude that USAA is a reciprocal inter-insurance exchange and thus an unincorporated association. As an unincorporated association, Supreme Court case law directs that USAA's citizenship be based on the citizenship of each of its members.").

The Court therefore orders that parties to show cause in writing why this Court should not remand this action to the Los Angeles Superior Court, Case No. BC648898, for lack of subject matter jurisdiction. The parties' responses to this order to show cause shall be filed no later than May 12, 2017.

IT IS SO ORDERED.